Mr. Chief Justice Sharkey
delivered the opinion of the c&urt.
The plaintiff sued out a scire facias to have execution of a judgment which had been recovered on the 1st of May, 1844, by the auditor of public accounts, and the president and cashier of the Planters’ Bank as commissioners of the sinking fund, against the defendant Mosby.
The defendant pleaded, 1st. Nul tiel record-, 2d. That the plaintiff had not been duly appointed state'commissioner; and, 3d. Payment of the judgment. To the first and third pleas, the plaintiff replied, and demurred to the second. On argument, the court sustained the demurrer to the scire facias, and from that decision the plaintiff brings up the case.
Previous adjudications in suits brought to recover a part of the sinking fund, cover the whole case except as to one point. The case of Walker v. The Commissioners of the Sinking Fund, 6 How. 143, decides that, under the charter of the Planters’ Bank, a trust was created in reference to this fund, and that the commissioners as trustees could sue at law on contracts concerning the fund. The case of Young v. Hughes, 12 S. & M. 93, decides that the state commissioner, appointed under the act of 1844, has succeeded to the trust in reference to the sinking fund, and can sue as the commissioners could have sued on contracts made with them. We have several times decided that judgments recovered by the former trustees may be revived in this court pending a writ of error. But the act providing for the appointment of the present state commissioner was passed in Feb. 1844, and this judgment was not recovered until May following. The suit was brought and the judgment recovered in the name of the commissioners without revival, although a new trustee had been appointed. This single question is presented, Was the judgment *426 so recovered void, or only erroneous? If void, it cannot be revived ; but if erroneous-only, it must stand till regularly reversed.
The sinking fund was created by the state and for the state. She had a right to change the trustee, and such change was made by the act of 1844. As the legislature was acting on the subject of the state fund, we cannot ascribe to that body an intention prejudicial to the fund, unless such intention be clearly expressed. Nor ought such effect be given to the act, unless it be a necessary consequence of its provisions. It does not profess to remove the former commissioners, or to suspend their authority, otherwise than by investing the new trustee with all necessary power, to manage, collect and recover the trust fund, and to that end it directs him to call upon former commissioners, agents, attorneys, and others having possession of any portion of the fund.
Now, although a new trustee was substituted, the former trustees might very well prosecute a suit commenced by them, in the absence of a prohibition. They were still in being, and as they were bound to discharge all duties necessary for the preservation of the fund, perhaps it was their duty to prosecute the suit. At all events, the judgment was not absolutely void, even if a recovery in their names might have been successfully resisted in consequence of the change of authority. The only objection was, that the cause of action had been legally transferred to another trustee. If a party suffer a judgment to go against him in favor of one who has ceased to have a cause of action, that does not necessarily render the judgment void. Here was a valid cause of action, but the legal title had passed out of the persons who had brought the suit. The defence should have been interposed by way of plea, but the defendant omitted to raise the objection. If a plaintiff become bankrupt, after interlocutory but before final judgment,, the suit may still proceed in his name. 2 Tidd, 849. His bankruptcy is the subject of a plea, puis darrein continuance. Ib. 775. That which will render a judgment void, need not be pleaded; hence, if bankruptcy be pleadable, if the plea be not made, the judgment will not be void. By the bankruptcy of a party, every right of *427 action is transferred by law to the assignees, just as the transfer occurred in this instance. The cases are strictly analagous. If, then, this was but the subject of a defence to the suit, it cannot be made available as a defence to the scire facias, as nothing which could have been urged to the original judgment, can be raised as a defence to the scire facias. We are, therefore, of opinion that the demurrer was improperly extended to the scire facias.
Judgment reversed, and cause remanded.